UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHNNY LOTT, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 4:19-CV-53 CDP |
| v. | ) |
| | ) |
| MAPLEWOOD RICHMOND HEIGHTS | ) |
| SCHOOL DISTRICT, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon plaintiff's motion for appointment of counsel. The motion will be denied without prejudice.

The appointment of counsel for an indigent plaintiff in a civil matter lies within the discretion of the Court. *Phillips v. Jasper County Jail*, 437 F.3d 791, 794 (8th Cir. 2006). Once the plaintiff alleges a *prima facie* claim, the Court must determine the plaintiff's need for counsel to effectively litigate his claim. *In re Lane*, 801 F.2d 1040, 1043 (8th Cir. 1986). The standard for appointment of counsel in a civil case is whether both the plaintiff and the Court would benefit from the assistance of counsel. *Edgington v. Missouri Dept. of Corrections*, 52 F.3d 777, 780 (8th Cir. 1995) (abrogated on other grounds, *Doe v. Cassel*, 403 F.3d 986, 989 (8th Cir. 2005). This determination involves the consideration of several relevant criteria which include "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Phillips*, 437 F.3d at 794 (citing *Edgington*, 52 F.3d at 780).

In this matter, the Court finds that appointment of counsel is not mandated at this time. The action appears to involve straightforward questions of fact rather than complex questions of law, and plaintiff appears able to clearly present and investigate his claim. He has filed an articulate and readily understood pleading which indicates that he is capable of clear expression and appropriate organization of content. Further, the request for counsel is premature, as Maplewood Richmond Heights School District has not yet been served, and no Case Management Order has been entered. The Court concludes that the appointment of counsel would not be of sufficient benefit to the Court or to plaintiff, and will deny plaintiff's motion for appointment of counsel, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for the appointment of counsel [Doc. #3] is **DENIED** without prejudice.

Dated this 24th day of January, 2019.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE