# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JOHNNY LOTT, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 4:19-CV-53 CDP |
| v. | ) | |
| | ) | |
| MAPLEWOOD RICHMOND HEIGHTS | ) | |
| SCHOOL DISTRICT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Johnny Lott, Sr., for leave to proceed in forma pauperis. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. The motion will therefore be granted. Upon review of the complaint, the Court will dismiss plaintiff's claims against defendant Roxanna Mechem.

## The Complaint

Plaintiff brings this action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000(e), *et seq*, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, *et seq*. Named as defendants are Maplewood Richmond Heights School District and Roxanna Mechem. Although plaintiff has not said, the Court presumes that Ms. Mechem was plaintiff's former supervisor at the School District. Plaintiff alleges that he was treated differently than those under the age of 40, the School District discriminated against him on the basis of his race, and terminated him in retaliation for filing a workers' compensation claim.

Plaintiff alleges that the discriminatory conduct took place on September 7, 2018. He alleges that he filed a claim for workers' compensation at an undetermined date. He claims a

"court date" was set for September 25, 2018, and he was terminated by his employer on September 14, 2018. He asserts that he is making "allegations of harassment and unprofessional staff conduct," as well as claims of discrimination based on his race and age.

In his request for relief plaintiff alleges that he was 60 years of age when he was terminated. He asserts that he was planning on working until he was aged 65. He is seeking loss wages for the next five years of work.

## Legal Standard on Initial Review

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court shall dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D. N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

In reviewing a pro se complaint under § 1915(e)(2), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, this rule does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993). In addition, *pro se* complaints must allege sufficient facts to support the claims

advanced. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

## Discussion

Having reviewed the complaint and the Notice of Right to Sue from the EEOC, Fed. R. Civ. P. 10(c), the Court determines that plaintiff has alleged enough for initial review against Maplewood Richmond Heights School District, and such claims will be allowed to go forward. However, plaintiff's claims against Roxanna Mechem will be dismissed.

Title VII and the ADEA provides a remedy only against an "employer." The term "employer" under Title VII means a "person engaged in an industry affecting commerce who has fifteen or more employees…" The Eighth Circuit has squarely held that individuals, including supervisors, may not be held individually liable under Title VII. *Bonomolo–Hagen v. Clay Central–Everly Community School Dist.*, 121 F.3d 446, 447 (8th Cir. 1997) (*citing Spencer v. Ripley County State Bank*, 123 F.3d 690, 691–92 (8th Cir. 1997) (*per curiam*)).

Although the Eighth Circuit Court of Appeals has not explicitly decided whether individuals are "employers" that can be held liable under the ADEA, the statute and the caselaw are persuasive in this respect.

The ADEA makes it "unlawful for an employer...to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a). Persons aged forty and over are protected by the ADEA. 29 U.S.C. § 631. The ADEA defines an employer as "a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year . . . [and] any agent of such person." 29 U.S.C. § 630(b).

Because the Eighth Circuit has determined that Title VII and the ADEA define "employer" in a "substantially identical manner," *Lenhardt v. Basic Institute of Technology, Inc.*, 55 F.3d 377, 380 (8th Cir. 1995), the Eighth Circuit would likely conclude that individual liability cannot be imposed under the ADEA. *See Stevenson v. Brod Dugan Paint and Wall Coverings*, 934 F. Supp. 1131, 1133 (E.D. Mo. 1996) ("although the Eighth Circuit has yet to definitely state that . . . individual liability cannot be imposed under . . . the ADEA, its holdings [in other cases] clearly indicate that such a holding will ultimately be made.")

In addition to *Stevenson*, other district courts within the Eighth Circuit have determined that co-workers and supervisors cannot be held personally liable under the ADEA. *See, e.g.*, *Lyons-Belisle v. American Wholesale Florists of Kansas City, Inc.*, No. 4:16-cv-00764-FJG, 2016 WL 4443186 at *3 (W.D. Mo. Aug. 19, 2016); *Bartunek v. eFrame, LLC*, No. 8:16CV69, 2016 WL 5854215 at *1 (D. Neb. Oct. 6, 2016); *Smith v. Bankers Life and Cas. Co.*, 519 F. Supp. 2d 964, 967 (S.D. Iowa 2007); *Wortham v. American Family Ins. Co.*, No. C01-2067, 2002 WL 31128057, at *4 (N.D. Iowa Sept.17, 2002) ("While the Eighth Circuit has not explicitly decided the issue, relevant case law strongly suggests that it would conclude that there is no individual liability under the ADEA."); *Kelleher v. Aerospace Community Credit Union*, 927 F. Supp. 361, 363 (E.D. Mo. 1996) ("[T]he Court reaffirms its previous decisions that individuals cannot be held liable under the ADEA.").

Other circuit courts of appeals have reached similar conclusions regarding individual liability under the ADEA. *See, e.g., Medina v. Ramsey Steel Co., Inc.*, 238 F.3d 674, 686 (5th Cir. 2001); *Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996); *Csoka v. U.S. Government*, No. 94-1204, 1996 WL 467654, at *5 (7th Cir. Aug. 12, 1996) ("The ADEA, like Title VII, does

not authorize individual liability claims...."); *Smith v. Lomax*, 45 F.3d 402, 403 n. 4 (11th Cir. 1995); *Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 510 (4th Cir. 1994); *Miller v. Maxwell's Int'l*, 991 F.2d 583, 587 (9th Cir. 1993) (referring to the numerosity requirement and noting, "[i]f Congress decided to protect small entities with limited resources from liability, it is inconceivable that Congress intended to allow civil liability to run against individual employees"). Thus, this Court finds that plaintiff is unable to bring a claim for age discrimination under the ADEA against individual defendant Roxanna Mechem in this action.

Furthermore, the only place Roxanna Mechem's name appears in the complaint is in the caption. Merely listing a defendant in a case caption is insufficient to support a claim against the defendant. *Krych v. Hass*, 83 Fed. Appx. 854, 855 (8th Cir. 2003) (*citing Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (*per curiam*) (noting that court properly dismissed pro se complaint that was silent as to defendant except for his name appearing in caption)).

Additionally, plaintiff completed his complaint on a court-provided form, which specifically states that he is required to specifically describe the conduct he believed was discriminatory, and to describe how each defendant was involved in such conduct. The facts alleged simply do not give rise to a "plausible entitlement to relief" against defendant Mechem under the ADEA, *Twombly*, 127 S. Ct. at 1967, and therefore she will be dismissed from this cause of action.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that defendant Roxanna Mechem is hereby **DISMISSED** from this cause of action. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon defendant Maplewood Richmond Heights School District at 7539 Manchester Road, Maplewood, Missouri, 63143.

Dated this 24th day of January, 2019.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE