UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOHNNY LOTT, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:19 CV 53 CDP |
| | ) | |
| MAPLEWOOD RICHMOND | ) | |
| HEIGHTS SCHOOL DISTRICT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Johnny Lott, Sr., filed this *pro se* employment discrimination suit against Maplewood Richmond Heights School District under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e, *et seq.*, and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621, *et seq.*[1] I will grant defendant's motion to dismiss for the reasons stated by defendant, and I will deny Lott's motion to appoint counsel.

## Background

In his form Employment Discrimination Complaint, Lott checked that he had been discriminated against on the basis of his race and age, and he checked the spaces alleging termination of employment and retaliation. His entire statement of

---

[1] Plaintiff also named Roxanna Mechem as a defendant to the case, but I dismissed his claims against her in a Memorandum and Order dated January 24, 2019.

the claim alleges:

> I file a claim for compensation for an injury. Court date was set for September-25-2018. It was settle in August around the 6-10-2018 [sic]. I was terminated on September-14-2018 for allegations of harassment and unprofessional staff conduct.

ECF 1, Complaint, p. 5. In the Request for Relief portion of the form Complaint, Lott states:

> By me being terminated, loss wages, for five years: I am 60 years of age. I was planning on working untill 65 [sic]. Wages for the five years –$138,528.00. Rough estimate.

*Id.* at p. 6. Lott timely filed a charge with the Equal Employment Opportunity Commission and received a right to sue letter dated October 26, 2018, which he attached to his Complaint. In response to my show cause order, Lott submitted his charge of discrimination, which reads:

> I.     I am an African-American who is above the age of forty (40). I was hired by Respondent, on January 12, 2012, as a Bus Driver/Courier. I have also worked for Respondent as a Custodian. My performance was satisfactory.
>
> II.     In or around June of 2012, I began to be treated less favorably than other employees due to my race and age. Throughout my tenure with Respondent, I was falsely accused of inappropriate and unprofessional staff conduct. In or around March 1, 2018, I injured my left knee on the job. My worker's compensation case was closed in 2017 [sic] and a settlement was reached in early September 2018. On September 14, 2018, I was discharged for alleged harassment of co-workers and unprofessional staff conduct.
>
> III.     I believe that I was harassed, disciplined, and discharged due to my race and my age. I also believe that I was discharged as retaliation for filing a worker's compensation claim. This, I believe, is in

> violation of Title VII of the Civil Rights Act of 1964, as amended, and the Age Discrimination in Employment Act (ADEA).

ECF 17-1, Charge of Discrimination.[2]

Defendant moves to dismiss Lott's Complaint under Rule 12(b)(6), Federal Rules of Civil Procedure, arguing that Lott has failed to allege facts sufficient to show he is entitled to relief on any of his claims. After Lott failed to respond to defendant's motion, I ordered him to show cause why his Complaint should not be dismissed for the reasons stated by the defendant. In response, Lott averred as follows:

> If the defendant new [sic] the plaintiff had an unprofessional staff conduct, why was the plaintiff aloud [sic] to work for six years. All the charges was [sic] brought up after I file a work compensation claim.

ECF 17, Memo for Clerk. In this response, Lott also asks that I appoint counsel for him. He has also filed a separate motion for counsel.

## Discussion

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. Fed. R. Civ. P. 12(b)(6). When reviewing a Rule 12(b)(6) motion, I assume the factual allegations of the complaint as true and

---

[2] Although Lott submitted the charge of discrimination to this Court after he filed his Complaint, I may nevertheless consider it on a Rule 12(b)(6) motion to dismiss because it is material necessarily embraced by the Complaint. *See Gorog v. Best Buy Co.*, 760 F.3d 787, 791 (8th Cir. 2014). I will not consider the letter submitted by defendant with its motion to dismiss, however (ECF 10-1), as it is plainly a matter outside the pleading that cannot be considered on a motion to dismiss. *Id.*

construe them in plaintiff's favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). I am not bound, however, to accept as true a legal conclusion couched as a factual allegation. *Id.* at 555. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief "that is plausible on its face." *Iqbal,* 556 U.S. at 678. The factual allegations must be sufficient to "'raise a right to relief above the speculative level.'" *Parkhurst v. Tabor*, 569 F.3d 861, 865 (8th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555). More than labels and conclusions are required. *Twombly*, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A civil rights complaint must contain facts that state a claim as a matter of law and must not be conclusory. *Gregory v. Dillard's, Inc.*, 565 F.3d 464, 473 (8th Cir. 2009) (en banc).

In his Complaint, Lott checked the boxes for race and age discrimination. However, he makes no factual allegations whatsoever to show that either his race or age had anything to do with the circumstances he alleges here. *See Coleman v. Maryland Court of Appeals*, 626 F.3d 187, 190-91 (4th Cir. 2010) (conclusory

allegation of race discrimination insufficient to state Title VII claim), *cited approvingly in Hager v. Arkansas Dep't of Health,* 735 F.3d 1009, 1015 (8th Cir. 2013). Even if I look to the charge of discrimination, Lott's claims that race and/or age played a part in his termination are merely conclusory and are not accompanied by any facts to support them. With no factual allegations to support his legal conclusion that he was discriminated against because of his race or age, such claims of discrimination must be dismissed.

Lott's claim that defendant violated Title VII by retaliating against him for filing a worker's compensation claim likewise fails as a matter of law. Title VII makes it unlawful for an employer to discriminate against an employee "because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). In order to state a claim of retaliation under Title VII, Lott must allege at a minimum that he engaged in statutorily protected activity. *Poague v. Huntsville Wholesale Furniture*, 369 F. Supp. 3d 1180, 1194 (N.D. Ala. 2019). *See also Thomas v. Corwin,* 483 F.3d 516, 530 (8th Cir. 2007) (elements of prima facie case of retaliation). Because filing a worker's compensation claim is not statutorily protected activity under Title VII, Lott cannot obtain any relief on his Title VII retaliation claim, and that claim will be dismissed. *See Brown v. Metro*

*Transit Sys.*, No. 4:06CV1700 RWS, 2007 WL 2120280, at *2 (E.D. Mo. July 20, 2007).

Finally, because the appointment of counsel would not change the outcome here and is not in the interests of justice, I will deny Lott's renewed request for counsel in this case.

Accordingly,

**IT IS HEREBY ORDERED** that the defendant's motion to dismiss [10] is granted. Its alternative motion for more definite statement is denied as moot.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [16] is denied.

A separate Order of Dismissal is entered this same date.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 12th day of June, 2019.